UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Flor Hernandez, *on behalf of herself and others Similarly situated in the proposed FLSA Collective Action*,

                              Plaintiff,

- against –

Yonkers Brewing Company LLC, John Rubbo, Nicholas Califano, and Mike Pecs,

                              Defendants.

Case No.: 7:21-cv-06951-KMK

ANSWER

YONKERS BREWING COMPANY, LLC ("YONKERS"), and all parties named as Defendants in the above captioned action, by their attorney of record, as and for their Answer with Affirmative Defenses respectfully submit the following:

1. Deny the allegations of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

2. The Plaintiff lacks standing to commence this action as plaintiff has failed to comply with the prerequisite requirements of the applicable statutes.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

3. The Plaintiff has failed to commence this action within the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

4. The Plaintiff has failed to effectuate service in accordance with the applicable statutes and FRCP.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5. The Plaintiff has failed to obtain jurisdiction over all of the parties necessary to this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6. The Plaintiff has failed to allege a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7. The Plaintiff's actions or inactions have caused or contributed to any damages herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

8. The Plaintiff has unclean hands and is not entitled to the equitable remedy requested herein.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

9. There is a defense to this complaint that is based upon documentary evidence.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

10. The complaint must be dismissed pursuant to the equitable doctrines of waiver and laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

11. The undersigned has disputed the validity of the claim and the plaintiff's right to assert the same.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

12. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations claims.

## AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

13. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6

and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

14. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

15. This action is barred to the extent Plaintiff seeks recovery for injury that is not compensable injury, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

16. In the alternative, Defendants are entitled to offset monies or other consideration paid or accommodation provided to Plaintiff by Defendants for the periods which the Plaintiff was allegedly harmed under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and under Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

17. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and by the applicable provisions of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations and the New York and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their

supporting New York State Department of Labor regulations as well as the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of New York.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's action is barred because she seeks to recover for injury that is de minimus injury and thus not compensable under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and under Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

20. To the extent Plaintiff seeks damages not recoverable under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations, Plaintiff is barred from such recovery.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

21. Without assuming the burden of proof, Plaintiff and alleged class members were at all times paid and compensated in accordance with the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

22. Without assuming the burden of proof, Defendants complied with all recordkeeping and documentation requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and with Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

24. Plaintiffs have failed to mitigate their alleged damages.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. Some or all of Plaintiff's or the alleged class members' claims are barred by accord and satisfaction, settlement and/or payment and release.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff has failed to exhaust administrative remedies.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

30. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

31. Without assuming the burden of proof, plaintiff's complaint does not even allege that the plaintiff worked in excess of 40 hours in any week for the defendant.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

32. Without assuming the burden of proof, plaintiff's complaint does not even allege that the plaintiff was paid less than her regular hourly wage for the less than 40 hours in any given week that she worked for the defendant.

WHEREFORE, defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

Dated:  Yonkers, New York

      November 8, 2021

_____
Mark E. Constantine, Esq.
Attorney for Defendants
618 Midland Avenue
Yonkers, New York 10704
914-631-0410