

SALVATORE G. GANGEMI
203.653.5436 DIRECT TELEPHONE
860.240.5936 DIRECT FACSIMILE
SGANGEMI@MURTHALAW.COM

February 21, 2022

**VIA ECF**

The Honorable Paul E. Davison, U.S.M.J.
U.S. District Court, S.D.N.Y.
The Hon. Charles L. Brieant Jr., Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

  Re: **Hernandez v. Yonkers Brewing Company LLC, et al.**
    **Case No.:  7:21-cv-06951 (KMK)(PED)**

Dear Magistrate Judge Davison:

  We represent defendants, Yonkers Brewing Company LLC ("Yonkers Brewing"), John Rubbo, and Mike Pecs, and write in response to the Letter Motion for Conference re: Motion to Compel Defendants to Produce ESI (Dkt: 39).  As the Court is aware, the undersigned appeared in this case on February 14, 2022 (See Dkt: 40 and 41).

  Immediately following our retention in this matter, we contacted plaintiffs' counsel to discuss the production of ESI referenced in plaintiffs' Letter Motion, and the parties conferred by telephone on February 17, 2022.  Such ESI primarily concerns time-keeping and payroll records that would be relevant to plaintiffs' alleged wage and hour claims.  Yonkers Brewing's time keeping system is administered by a third-party cloud-based point-of-service (POS) provider that services restaurants.  See https://pos.toasttab.com/.  The POS system facilitates time-keeping by, among other things, functioning as an electronic time-clock.  Employees enter their in/out times directly into the POS system, which utilizes the time-tracking data to generate payroll.

  During the parties' February 17 "meet and confer," the undersigned informed plaintiffs' counsel, Jason Mizrahi, that defendants could only generate reports from the POS system in Excel file format.  Mr. Mizrahi informed the undersigned that if the information could be retrieved and produced in CSV (comma-separated values) format, plaintiffs' counsel would be able to access the file's metadata.  Accordingly, following defendants' communications with its third-party provider, defendants were able to obtain

Murtha Cullina LLP
107 Elm Street
Four Stamford Plaza, 11th floor
Stamford, CT 06902
T 203.653.5400
F 203.653.5444

CONNECTICUT + MASSACHUSETTS + NEW YORK  MURTHALAW.COM

12031013

Paul E. Davison, U.S.M.J.
February 21, 2022
Page 2

CSV files containing the requested time-keeping information, which the undersigned produced to plaintiffs' counsel on February 17 and 18.

     Despite our view that we have provided the requested information in the format, specifically designated by plaintiffs' counsel, the undersigned received an email at 9:46 AM this morning from plaintiffs' counsel, stating, among other things, that "[w]e have still not received any of the requested metadata outlined in our motion to Compel." Plaintiffs provide no further detail regarding the supposed deficiency in defendants' production. Consequently, we respectfully request a conference with the Court to discuss this issue.

     Notwithstanding the foregoing, our review of the allegations of the Amended Complaint and the documents and information produced confirms that neither plaintiff has a claim arising under the federal Fair Labor Standards Act.  The documents and information produced to plaintiffs' counsel confirm that neither plaintiff is owed unpaid minimum wages or overtime pay. (Indeed, plaintiff Hernandez does not even allege in her Amended Complaint that she worked overtime.) Before defendants are forced to expend thousands of dollars on attorneys' fees and costs in defending this case, it is necessary that the parties meet with the Court to discuss this Court's lack of subject matter jurisdiction. To the extent that plaintiffs possess claims arising under New York law, such claims can be resolved, but the parties cannot proceed further in this forum under the circumstances.

     We thank the Court for its attention in this matter, and await further guidance on resolving these outstanding issues.

                                                   Respectfully submitted,

                                                   Salvatore G. Gangemi

12031013