**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
Flor Hernandez, and Edgar Donato Sanchez, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

                                              *Plaintiffs*,

       -*against*-

Yonkers Brewing Company LLC, John Rubbo, Nicholas Califano, and Mike Pecs,

                                           *Defendants*.
------------------------------------------------------------------X

Index No.: 1:21-cv-06951

## **SETTLEMENT AGREEMENT AND RELEASE**

      WHEREAS, Defendants Yonkers Brewing Company LLC ("Yonkers Brewing"), John Rubbo, and Mike Pecs (collectively, "Appearing Defendants") and Plaintiffs Flor Hernandez ("Hernandez"), and Edgar Donato Sanchez ("Sanchez") (together, the "Plaintiffs") (Plaintiffs and Appearing Defendants together, the "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiffs have or might have against all Defendants, including claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the pending action: *Hernandez v. Yonkers Brewing Company LLC et al.*, Case No.: 7:21-cv-06951-KMK-PED (the "Action");

      WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing set forth by Plaintiffs in the Action;

      WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

      WHEREAS, Plaintiffs desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants;

      WHEREAS, Defendants Yonkers Brewing, John Rubbo and Mike Pecs, desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiffs;

1

WHEREAS, Defendant Nicholas Califano has not appeared in the Action, and is not otherwise represented, although Plaintiffs' obligations and representations in this Agreement shall apply to all Defendants; and

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiffs and Appearing Defendants by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

2. **Consideration**. In consideration for Plaintiffs signing this Agreement and complying with its terms, Yonkers Brewing agrees to pay to Plaintiffs the total sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Sum"), to be allocated as follows:

   a. The amount of $1,130.37, less applicable taxes and withholdings, payable by check to Flor Hernandez. Such amount shall be attributable to Hernandez's alleged claims for unpaid wages (overtime and otherwise) and wage statement violations, and Yonkers Brewing will issue an IRS Form W-2 relating to this amount;

   b. The amount of $2,260.74, by check payable to Flor Hernandez. Such amount shall be attributable to Hernandez's alleged claim for liquidated and other damages, and Yonkers Brewing will issue an IRS Form 1099 relating to this amount;

   c. The amount of $4,252.34, less applicable taxes and withholdings, payable by check to Edgar Donato Sanchez. Such amount shall be attributable to Sanchez's alleged claims for unpaid wages (overtime and otherwise) and wage statement violations, and Yonkers Brewing will issue an IRS Form W-2 relating to this amount;

   d. The amount of $8,504.67, by check payable to Edgar Donato Sanchez. Such amount shall be attributable to Sanchez's alleged claim for liquidated and other damages, and Yonkers Brewing will issue an IRS Form 1099 relating to this amount;

   e. The amount of $8,851.89, by check payable to "Levin-Epstein & Associates, P.C." Such amount shall be attributable to all attorneys' fees and costs incurred in connection with Plaintiffs' claims, and Yonkers Brewing will issue to each Plaintiff and Levin-Epstein & Associates, P.C. separate IRS Forms 1099 in

connection with this amount.

Payment of the Settlement Sum shall be delivered to the offices of Plaintiffs' counsel within ten (10) calendar days after the later of (i) notification from the court that the Action is dismissed with prejudice, and (ii) delivery to Yonkers Brewing's counsel of Plaintiffs' counsel's completed IRS Form W-9. A copy of the Stipulation and Order of Final Dismissal is annexed hereto as Exhibit A.

Defendants make no representations concerning the tax consequences of payment of the Settlement Sum to Plaintiffs on the basis set forth hereunder, and Plaintiffs agree to pay any federal, state or local taxes that are or may become due with respect to the Settlement Sum and/or in connection with any claim that either has released pursuant to this Agreement (other than those sums withheld by the Company for taxes). Plaintiffs further agree to indemnify and hold Defendants harmless from any liability Plaintiffs may incur should any federal, state or local taxing authority determine that additional income taxes, FICA contributions or other taxes should have been withheld from the Settlement Sum.

3. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the Settlement Sum specified in paragraph "2" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein. Plaintiffs further understand and agree that this paragraph "3" is a material term of this Agreement.

4. **Release of Wage and Hour Claims.** Plaintiffs knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Defendants (including but not limited to Yonkers Brewing, John Rubbo, Mike Pecs and Nicholas Califano), as well as Defendants' current and former owners, members, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under, or in concert with any of them ("Releasees"), of and from any and all claims, actions and liabilities relating to Plaintiffs' compensation and payment of wages from Defendants through the effective date of this Agreement, including but not limited to, the nonpayment of wages, inaccurate payment of wages, deductions from wages, and failure to provide wage notices and statements, in violation of FLSA and the NYLL (collectively, the "Claims") that Plaintiffs have or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including attorneys' fees, costs, penalties, liquidated damages, interest, and other damages in connection with any asserted or unasserted Claims.

5. **Governing Law and Interpretation.** This Agreement and all rights and obligations of the Parties thereto, including its enforcement, shall be interpreted and governed by the laws of the State of New York, without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, excluding the release language, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Moreover, if any of one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, scope, activity or subject, such

provisions will be construed by limiting and reducing them so as to be enforceable to the maximum extent compatible with applicable law.

6. **Acknowledgments and Affirmations.**

   a. Plaintiffs represent that, other than the Action, neither has filed or permitted to be filed against the Releasees, individually or collectively, any charges, complaints or lawsuits, judicial, quasi-judicial or administrative hearing or other proceeding of any kind, and Plaintiffs covenant and agree that neither will file any lawsuits hereafter with respect to the Claims released pursuant to this Agreement, to the fullest extent permitted by law. Nothing in this Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or any other governmental agency. Notwithstanding the foregoing, Plaintiffs agree to waive the right to recover monetary damages in any charge, complaint, or lawsuit filed by either or by anyone else on their behalf based on Claims released in this Agreement.

   b. Except as otherwise provided in this paragraph, Plaintiffs will not voluntarily participate in any judicial proceeding of any nature or description against any of the Releasees that in any way involves the allegations and facts that they could have raised against any Releasee as of the effective date of this Agreement. Provided, however, that nothing in this Agreement shall prohibit Plaintiffs from cooperating with the EEOC or any other governmental agency.

   c. Plaintiffs specifically represent, warrant and confirm that neither will actively contact the media or otherwise publish information about the existence or terms of this Agreement and the underlying Claims on any form of media, which includes, among other things, social media (including but not limited to Facebook, TikTok and Instagram). If contacted about this Agreement or the circumstances leading to it, Plaintiffs shall respond "no comment" or limit their response to words to the following effect: "The matter has been resolved."

7. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8. **Entire Agreement; Interpretation.** This Agreement sets forth the entire agreement between the Parties with respect to Plaintiffs' Claims against Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to Plaintiffs' Claims. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement. The parties acknowledge that the headings provided in this Agreement are solely for the convenience of the reader and shall not be construed as affecting the interpretation of the terms of this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to its plain and ordinary meaning. This

Agreement shall not be construed against any party on the basis of authorship.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

10. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

FLOR HERNANDEZ

By: _/s/ Flor Hernandez_____
    Flor Hernandez

Date: _04/12/22_____

EDGAR DONATO SANCHEZ

By: _____
    Edgar Donato Sanchez

Date: _____

YONKERS BREWING COMPANY LLC

By: _____

Name: _____

Date: _____

JOHN RUBBO

By: _____
    John Rubbo

Date: _____

MIKE PECS

By: _____
    Mike Pecs

Date: _____

Agreement shall not be construed against any party on the basis of authorship.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

10. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

FLOR HERNANDEZ

By: _____
     Flor Hernandez

Date:_____

EDGAR DONATO SANCHEZ

By: _____
     Edgar Donato Sanchez

Date:_____4/19/2022_____

YONKERS BREWING COMPANY LLC

By: _____

Name: _____

Date: _____

JOHN RUBBO

By: _____
     John Rubbo

Date: _____

MIKE PECS

By: _____
     Mike Pecs

Date:_____

Agreement shall not be construed against any party on the basis of authorship.

9. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

10. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

FLOR HERNANDEZ

By: _____
      Flor Hernandez

Date: _____

EDGAR DONATO SANCHEZ

By: _____
      Edgar Donato Sanchez

Date: _____

YONKERS BREWING COMPANY LLC

By: _____

Name: _John Rubbo_____

Date: _4/18/22_____

JOHN RUBBO

By: _____
      John Rubbo

Date: _4/18/22_____

MIKE PECS

By: _____
      Mike Pecs

Date: _4/18/22_____

5

12078447

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Flor Hernandez, and Edgar Donato Sanchez, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action*,

Index No.: 1:21-cv-06951

                                    *Plaintiffs,*

    -*against*-

Yonkers Brewing Company LLC, John Rubbo, Nicholas Califano, and Mike Pecs,
                                    *Defendants.*
-------------------------------------------------------------------X

## **STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

This Court, having considered and inspected the Settlement Agreement and Release between the Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is approved; and (2) the above-captioned action is hereby dismissed with prejudice in its entirety against Defendants with no award of attorneys' fees or costs to any party.

| | |
|---|---|
| MURTHA CULLINA LLP<br>By: /s/ Salvatore M.<br>Salvatore G. Gangemi<br>107 Elm Street, Ste 16th Floor<br>Four Stamford Plaza, CT 06901<br>Tel. No.: (212) 563-9884<br>Email: sgangemi@murthalaw.com<br>*Attorneys for Defendants Yonkers Brewing Company LLC, John Rubbo and Mike Pecs* | LEVIN-EPSTEIN & ASSOCIATES, P.C.<br>By: /s/<br>Jason Mizrahi, Esq.<br>60 East 42nd Street, Suite 4700<br>New York, New York 10165<br>Tel. No.: (212) 792-0048<br>Email: Jason@levinepstein.com<br>*Attorneys for Plaintiffs* |

SO ORDERED on this _____ day of _____, 2022.

_____
Hon. Paul E. Davison
United States Magistrate Judge

7

12078447